# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ALEJANDRO A. CELAYA,**

           **Plaintiff,**

**-vs-**                                     **Case No. 6:08-cv-1930-Orl-18GJK**

**ERNEST STICKLE,**

           **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

     This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT AGAINST DEFENDANT** (Doc. No. 7) |
| **FILED:** | **January 7, 2009** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**. | |

**I.    BACKGROUND**

     On November 13, 2008, Alejandro A. Celaya (the "Plaintiff") filed a complaint (the "Complaint") against Ernst Stickle (the "Defendant") for unpaid minimum wages and unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* (the "FLSA" or the "Act"). Doc. No. 1. Specifically, Plaintiff alleges that Defendant failed to compensate Plaintiff

at a rate not less than one and one-half times Plaintiff's regular rate of pay for hours worked in excess of forty (40) hours per week and Defendant willfully failed to pay Plaintiff at a rate equal to the minimum wage requirement for all hours worked. Doc. No. 1 at ¶¶ 10-11, 12-13. After being personally served with summons and a copy of the complaint on November 28, 2008 (Doc. No. 4-2), the Defendant did not respond to the Complaint. On December 23, 2008 and pursuant to Rule 55(a), Federal Rules of Civil Procedure, the Clerk entered default against the Defendant. Doc. Nos. 5. On January 27, 2009, the Plaintiff filed the instant Motion for Entry of Default Final Judgment (the "Motion"). Doc. No. 7. Pursuant to Local Rule 1.07(b), the Motion is timely. The Defendant failed to file any opposition to the Motion. The Motion is presently before the Court.

## II.    THE LAW

In *Schmidlin v. Apex Mortgage Services, LLC*, No. 8:07-cv-2149-T-30MSS, 2008 WL 976158 at *1 (M.D. Fla. April 9, 2008), the court held:

> By failing to answer the complaint, Defendant admits that it employed Plaintiff during the relevant time period. *See Cotton v. Mass. Mut. Life Ins. Co.*, 402 F. 3d 1267, 1278 (11th Cir. 2005) (stating "a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact."). Defendant also admits that it was an employer and was required to comply with the FLSA. *See Id*. Additionally, Defendant admits that it failed to pay overtime compensation as required by the FLSA and that its conduct was willful. *See Id*. Accordingly, by failing to respond to the complaint, Defendant is liable to Plaintiff for the overtime compensation owed to Plaintiff for his work.

*Id*. A plaintiff may establish the necessary amount of damages by affidavit. *See* Rule 55(b), F.R.C.P. (2007). Additionally, an employer who willfully violates the provisions of the FLSA is liable for an equal amount of liquidated damages as well as reasonable attorneys' fees and costs. 29 U.S.C. § 216(b) (2007).

## III. APPLICATION

### A. Wages

In his affidavit, Plaintiff states that he was employed by the Defendant, who operates a concrete company, from July 1999 through October 4, 2007. Doc. Nos. 1 at ¶ 5, 7-2 at ¶ 2. Pursuant to 29 U.S.C. § 207(a)(1),[1] Plaintiff was entitled to be paid one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours during a work week. *Id*. In his affidavit, Plaintiff states that Defendant orally agreed to compensate Plaintiff at the following rates: (1) $20.00 per hour from November 13, 2005 to December 31, 2005; (2) $22.00 an hour from January 1, 2006 to December 31, 2006; and (3) $23.00 an hour from January 1, 2007 to October 4, 2007. Doc. No. 7-2 at ¶¶ 9-11. Plaintiff maintains that he was not compensated at a rate of one and on-half times his regular rate of pay for any hours worked over forty (40) hours per week during the above state time periods. *Id*. at ¶ 6.

In his affidavit, Plaintiff calculates his damages as follows:

> I worked approximately 20 hours of overtime a week from November 13, 2005 to December 31, 2005 and received my hourly rate of $20.00 an hour only. Twenty hours of overtime per week for 6 weeks totals 120 overtime hours owed. I am owed $10.00 per hour ($20.00 / 2) for 120 overtime hours for a total of $1,200.00.
>
> …
>
> I worked approximately 20 hours of overtime a week from January 1, 2006 to December 31, 2006 and received my hourly rate of $22.00 an

---

[1] Section 207(a)(1) states:
> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce for a workweek longer than forty hours unless such employee receives compensations for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

3

> hour only. Twenty hours of overtime per week for 52 weeks totals 1,040 overtime hours owed. I am owed $11.00 per hour ($22.00 / 2) for 1,040 overtime hours for a total of $11,440.00.
>
> . . .
>
> I worked approximately 2.50 hours of overtime a week from January 1, 2007 to October 4, 2007, and received my hourly rate of $23.00 an hour only. Two and one-half hours of overtime per week for 38 weeks totals 95 overtime hours owed. I am owed $11.50 per hour ($23.00 / 2) for 95 overtime hours for a total of $1,092.50.

*Id*. at ¶¶ 9-11. Therefore, Plaintiff's total damage calculation for unpaid overtime owed is $13,732.50. *Id*. at ¶ 12. Pursuant to 29 U.S.C. § 216(b), the Defendant is also liable for liquidated damages which equals the same amount as the unpaid overtime compensation. *Schmidlin*, 2008 WL 976158 at *2. Thus, Plaintiff also calculates an additional $13,732.50 for liquidated damages, for a damage total of $27,466.00. Doc. No. 7.

Plaintiff also seeks damages for unpaid minimum wages. Doc. No. 1 at 4. In his Affidavit, Plaintiff avers that from September 14, 2007 to October 4, 2007, Defendant failed to compensate Plaintiff for any hours worked. Doc. No. 7-2 at ¶13. Plaintiff calculates his damage for unpaid minimum wages is $702.00 ($5.85 minimum wage x 120 hours = $702.00). Plaintiff alleges that Defendant's failure to compensate Plaintiff for minimum wages is a willful violation of the FLSA. Doc. No. 1 at 4. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to liquidated damages in an equal amount. Therefore, Plaintiff's total damages for unpaid minimum wages are $1404.00 ($702.00 x 2 = $1404.00).

**B.     Attorneys' Fees**

The Act mandates that in any action brought by an employee to enforce Sections 206 or 207 of the Act, the Court shall "<u>in addition to</u> any judgment awarded to the plaintiff or plaintiffs, allow a

reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b) (emphasis added). In support of the Motion, counsel for Plaintiff filed two affidavits attesting that the total attorneys' fees equal $1,575.00 and the total costs equal $375.00. Doc. Nos. 7-3 ¶ ¶ 8-9, 11 at 5.[2] Plaintiff's counsel attaches a time sheet (Doc. No. 7-4) and the cost ledger (Doc. No. 7-5) to his affidavit.[3] In the second affidavit, counsel states that there is no contingency fee agreement or any agreement between Plaintiff and counsel regarding attorneys' fees and costs. Doc. No. 11 at ¶ 2. Thus, counsel states that Plaintiff's recovery will not be compromised in any way. *Id.*

1. **Reasonable Hourly Rate**

In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount, commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id*. at 434. In determining the lodestar, a reasonable hourly rate is based on the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation. *Gains v. Dougherty Co. Bd. of Educ.*, 775 F.2d 1565, 1571 (11th Cir. 1985).

"The [fee] applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Norman v. Housing Authority of City of Montgomery*,

---

[2] Plaintiff's counsel, K.E. Pantas, states that he spent 4.3 hours of time on the case at a rate of $300.00 per hour, and Bertha Alvarez and Judy Cane, counsel's paralegals, spent 1.10 and 1.40 hours of time respectively on the case at a rate of $95.00 per hour. *Id*. In the affidavit, Mr. Pantas also states that Becki Rodak, counsel's administrative assistant, spent 0.5 hours of time on the case at a rate of $95.00 per hour. Doc. No. 7-3 at ¶¶5-7.
[3] The time sheet itemizes the time spent by attorney Pantas, paralegals Alvarez and Cane, and administrative assistant Rodak, identifying the person who performed each service and the date each service was performed. Doc. No. 7-4.

836 F. 2d 1292, 1299 (11th Cir. 1988). Counsel's affidavit alone is generally not a sufficient basis for determining whether the fees and costs incurred are reasonable.

> Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. . . . **[S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits.** Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate.

*Norman*, 836 F. 2d at 1299 (emphasis added). However, the Court may use its own discretion and expertise to determine the appropriate hourly rate to apply for an attorney's fee award. *See Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994); *Norman*, 836 F. 2d at 1303; *see also Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002); *Schmidlin*, 2008 WL 976158 at *3.

Plaintiff's counsel, K.E. Pantas, seeks a rate of $300.00 per hour for his services. Doc. No. 18-3 at ¶ 4. Mr. Pantas states the following in support of the rate sought:

> I have been a continuous member of the Florida bar since 1993. I have practiced extensively in the area of employment law since 2000 and have over fourteen years of litigation experience. I am also admitted to the Pennsylvania Bar (inactive member since 1994) and the Illinois Bar (2002) and the Untied States Court of Appeals for the Eleventh Circuit. In the past year, I have been attorney of record in the following appeals filed with the United State Court of Appeals for the Eleventh Circuit: *Sanford-Orlando Kennel Club, Inc. [et. al.] v. Israel Alvarez*, Case No. 06-15931-H; and, *Otis A. Jones v. K.W. Max Investments*, Case No. 07-10652; and, *Jasmine Taylor v. EPOC Clinic and James F. Pendergraft*, Case No. 06-15004-A. I am familiar with the rates charged by attorneys with similar experience in Central Florida. A reasonable hourly fee for a lawyer with similar experience and expertise is $300.00 per hour. I have previously been awarded $300.00 per hour by this Court in similar type claims. (*Ochoa v. Alie Bros., Inc.*, 2007 WL 3334332 (M.D. Fla. 2007); and, *Mavis Coes v. World Wide Revival Inc., et. al.*, Case No. 6:05-cv-563-Orl-DAB). This is also the rate at which The Pantas Law Firm bills its paying clients for my services.

Doc. No. 7-3 at ¶ 4. After considering the Orlando market, the complexity of the work, Mr. Pantas's experience and fee awards in similar cases, the Court finds that an hourly rate of $300.00 for Mr. Pantas is reasonable and appropriate.

In regard to paralegal Bertha Alvarez, the affidavit states that she spent 1.10 hours of work on this case at a rate of $95.00 per hour. Doc. No. 7-3 at ¶ 5. The affidavit states that Ms. Alvarez has been working as a trained paralegal for over four years, and she has previously been awarded an hourly rate of $95.00 in *Ochoa v. Alie Bros., Inc.*, 2007 WL 3334332 (M.D. Fla. 2007). Doc. No. 18-3 at 7. In *Ramirez v. Caribbean Food Market*, 2005 WL 2675006 (M.D. Fla. 2005), a similar FLSA case involving Mr. Pantas's firm, a different paralegal with roughly six years of experience was awarded a reasonable hourly rate of $95.00. *Id*. The Court finds that the rate requested for Ms. Alvarez is reasonable.

In regard to paralegal Judy Cane, the affidavit states that she spent 1.40 hours of work on this case at a rate of $95.00 per hour. Doc. No. 7-3 at ¶ 6. Ms. Cane has previously been awarded a reasonable hourly rate of $95.00 per hour. *See Chawn Hauser v. Hawthorne Development II Corporation*, Case No. 6:07-cv-704-Orl-28KRS (M.D. Fla. 2007) (Doc. No. 14). The Court finds that the rate requested for Ms. Cane is reasonable.

In regard to administrative assistant Becki Rodak, the affidavit avers that she has been trained and worked as an administrative assistant since 2002. Doc. No. 7-3 at ¶ 7. The only work Ms. Rodak performed in this case was running various conflict checks and preparation of the initial damage summary. Doc. No. 7-4. Generally, work performed by an administrative assistant is considered non-compensable, clerical work. *Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989) ("Of course, purely clerical or secretarial tasks should not be billed at a paralegal rate,

7

regardless of who performs them."). When an administrative assistant serves as a paralegal, her work is recoverable "only to the extent that [it is] work traditionally done by an attorney. When that is not the case, paralegal work is viewed as falling within the category of unrecoverable overhead expenses." *Scelta v. Delicatessen Support Servs., Inc.*, 203 F.Supp.2d 1328, 1334 (M.D. Fla. 2002) (internal quotations omitted).

There is no showing that the various administrative checks performed by Ms. Rodak are work traditionally done by an attorney. However, to the extent that Ms. Rodak prepared a damage summary, her work is properly classified as basic paralegal work that would otherwise be performed by an attorney. A reasonable hourly rate for Rodak's work in the role of a paralegal is $65.00 per hour, which is consistent with basic paralegal work in the Central Florida market. *See Chawn Hauser v. Hawthorne Development II Corporation*, Case No. 6:07-cv-704-Orl-28KRS (M.D. Fla. 2007) (Doc. No. 14) (recommending that Ms. Rodak be awarded a reasonable hourly rate of $65.00).

### 2. **Reasonable Number of Hours**

Counsel submitted a detailed Time Sheet showing the work performed by Mr. Pantas, Ms. Alvarez, Ms. Cane, and Ms. Rodak in this case. Doc. No. 7-4. After reviewing the Time Sheet, the undersigned finds that the amount of time spent on the case was reasonable. The total number of reasonable hours of work spent by counsel in this case is 4.3 hours. *Id*. At a reasonable hourly rate of $300.00 per hour, the total attorneys' fee award is $1,290.00 (4.3 x $300.00 = $1,290.00). Ms. Alvarez's total number of reasonable hours of work in this case is 1.1 hours. *Id*. At a reasonable hourly rate of $95.00 per hour, the fee award for Ms. Alvarez is $104.50 (1.1 x $95.00 = $104.50). Ms. Cane's's total number of reasonable hours of work in this case is 1.4 hours. *Id*.

At a reasonable hourly rate of $95.00 per hour, the fee award for Ms. Cane is $133.00 (1.4 x $95.00 = $133.00). Ms. Rodak's total number of reasonable hours of work in this case is .50 hours. *Id.* At a reasonable hourly rate of $65.00 per hour, the fee award for Ms. Rodak is $32.50 (.5 x $65.00 = $32.50). The grand total attorneys' fee award is $1,560.00 ($1,290.00 + $104.50 + 133.00 + 32.50= $1,560.00).

### C. Costs

Rule 54(d), Federal Rules of Civil Procedure, provides that costs other than attorneys' fees "should be allowed to the prevailing party" unless a federal statutes, the federal rules, or a court order provides otherwise. *Id.* In awarding costs, the Court is bound by the limitations set forth in 28 U.S.C. §§ 1821 and 1920 unless a statute or contract specifically authorizes taxation for such costs. Plaintiff seeks costs in the amount of $375.00 for the filing fee ($350.00), and for the costs of service of process ($25.00). Doc. No. 7-3 at ¶ 9. The filing fee and the costs of service of process are allowable under the statutes. Thus, the undersigned finds the total costs sought ($375.00) are reasonable.

**THEREON** it is RECOMMENDED that:

1. Plaintiff's Motion (Doc. No. 7) be GRANTED in part and DENIED in part;
2. The Court enter judgment for Plaintiff and against the Defendant in the following amounts:
    a. $13,732.50 in unpaid overtime compensation;
    b. $13,732.50 in liquidated damages for unpaid overtime compensation;
    c. $702.00 in unpaid minimum wages;
    d. $702.00 in liquidated damages for unpaid minimum wages;

    e. $1,560.00 in reasonable attorneys' fees;

    f. $375.00 in costs; and

  3. The Court direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

  **RECOMMENDED** at Orlando, Florida on April 28, 2009.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to**:
Presiding District Judge
Counsel of Record
**Unrepresented Parties by Certified Mail**